Michael J. Shipley (SBN 233674)
*michael.shipley@kirkland.com*
**KIRKLAND & ELLIS LLP**
2049 Century Park East
Los Angeles, CA 90067
Telephone: (310) 552-4200
Facsimile: (310) 552-5900

Attorney for Defendants
NRX PHARMACEUTICALS, INC.,
HTX MANAGEMENT COMPANY, LLC, and
HOPE THERAPEUTICS, INC.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KADIMA NEUROPSYCHIATRY INSTITUTE, MEDICAL CORP., a California corporation; DAVID FEIFEL, M.D., PH.D., an individual<br><br>Plaintiffs,<br><br>v.<br><br>NRX PHARMACEUTICALS, INC., a Delaware corporation doing business in Delaware;<br><br>HTX MANAGEMENT COMPANY, LLC, a Delaware limited liability company doing business in Florida;<br><br>HOPE THERAPEUTICS, INC., a Delaware corporation doing business in Florida;<br><br>DOES 1 through 10, inclusive;<br><br>Defendants. | Case No.: 3:26-cv-04359-WQH-JAC<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR ORDER TO FILE UNDER SEAL**<br><br>Action Filed: May 15, 2026<br><br>Removed from the Superior Court of California, San Diego County, Case No. 26CU030547C |

Defendants NRX Pharmaceuticals, Inc. ("NRX"), HTX Management Company, LLC ("HTX"), and Hope Therapeutics, Inc. ("Hope Therapeutics") (collectively, "Defendants"), by and through their counsel, hereby move pursuant to Civil Local Rule 79.2 for an Order allowing Defendants to file under seal the Complaint (Exhibit A to the Declaration of Michael Shipley in Support of Defendants' Motion for Order to File Under Seal ("Shipley Sealing Decl.")). The Complaint was filed under seal in the Superior Court of the State of California, County of San Diego, Case No. 26CU030547C (the "State Court Action") on May 15, 2026. The case was subsequently removed to this Court on July 29, 2026. The redacted Complaint was filed as Ex. 1 to the Declaration of Michael Shipley in Support of Defendants' Notice of Removal solely because it is a required exhibit to Defendants' Notice of Removal pursuant to 28 U.S.C. § 1446(a). Defendants have narrowly tailored their request to seal only limited materials containing information that is confidential, proprietary, and already maintained under seal in the State Court Action from which this action was removed.

Defendants seek to seal the following narrowly tailored materials:

| Document | Portions to be Sealed |
|---|---|
| Complaint, attached as Exhibit A to the Declaration of Michael J. Shipley in Support of Defendants' Motion for Order to File Under Seal | Entirety (previously filed and maintained under seal in the Superior Court of California, County of San Diego, Case No. 26CU030547C) |

## I. LEGAL STANDARD

"[A] party seeking to seal a judicial record [] bears the burden of overcoming th[e] strong presumption [in favor of public access to judicial records]." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016) (citation omitted). The Court must first determine which standard applies. If the information sought to be sealed is related to a dispositive motion, which is one that is "related to the merits" of the case, then the presumptive "compelling reasons" standard applies. *Id.* at 1097-98. If the information is related to a non-dispositive motion that is not related to the merits of the case, then the lower "good cause" standard applies. *Id.* For the reasons discussed below, under either standard, the Court should grant this Motion.

The "compelling reasons" standard applies where the sealed material is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1097-1102. Courts have broad discretion to seal judicial records from public disclosure when there are "compelling reasons" to do so, such as the need to prevent court records from serving as "sources of business information that might harm a litigant's competitive standing." *Id.* at 1097 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978)). "In general, 'compelling reasons' sufficient to ... justify sealing court records exist when such 'court files might [] become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)). Courts have found that "confidential business information" in the form of "pricing terms, royalty rates, and guaranteed minimum payment terms" from commercial agreements satisfies the "compelling reasons" standard under the definition of trade secrets. *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008).

Under the lower "good cause" standard, a party must make a "particularized showing" that the need for confidentiality outweighs the public interest in disclosure; broad, unsubstantiated allegations are not sufficient. *Sywula v. Teleport Mobility, Inc.*, 652 F. Supp. 3d 1195, 1212 (S.D. Cal. 2023).

## II. ARGUMENT

The Complaint in this action was filed under seal in the State Court Action, and remains sealed in that court. The redacted Complaint is attached as Exhibit 1 to the Declaration of Michael Shipley in Support of Defendants' Notice of Removal because it is a required exhibit to Defendants' Notice of Removal. *See* 28 U.S.C. § 1446(a) (requiring that the notice of removal include "a copy of all process, pleadings, and orders served upon" the removing defendant). Removal does not strip a document of confidentiality protections already afforded by the State Court. The same interests that warranted sealing in State Court—protection of the parties' confidential transaction terms from public disclosure—continue to apply with equal force in this Court. Maintaining the Complaint's sealed status is also necessary to preserve the State Court's determination that this material warrants protection from public access and to prevent the removal process from being used as a mechanism to circumvent an existing sealing order.

The information in the Complaint also includes Exhibit E, which is the parties' Asset Purchase and Contribution Agreement dated May 9, 2025 (the "Agreement"). The Agreement is the subject matter of the underlying dispute. The Complaint and the Agreement constitute precisely the type of "confidential business information" that courts in this Circuit have found satisfies the compelling reasons standard. The information includes facts and events relating to the negotiation of the Agreement, the specific economic terms of the Agreement, and the parties' performance of the Agreement. *See In re Elec. Arts, Inc.*, 298 F. App'x at 569 (reversing district court order declining to seal "pricing terms, royalty rates, and guaranteed minimum payment terms" from commercial agreements); *In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (finding compelling reasons to seal "license agreements, financial terms, details of confidential licensing negotiations, and business strategies"); *Pulse Elecs., Inc. v. U.D. Elec. Corp.*, 530 F. Supp. 3d 988, 1031 (S.D. Cal. 2021) (granting motion to seal where disclosure "might allow competitors to use that information to their advantage in their own contract negotiations."). Additionally, the public interest in the disclosure of the specific contractual terms is minimal. *Sywula*, 652 F. Supp. 3d at 1212-13 (granting motion to seal where the public had "minimal interest" in the disclosure).

Defendants' request is narrowly tailored: Defendants seek to seal only the Complaint (which is already sealed in its entirety in State Court). No other portion of the Notice of Removal or supporting papers is sought to be sealed.

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court enter an order permitting Defendants to file under seal the unredacted Complaint. *See* Shipley Sealing Decl. at Ex. A.

DATED: July 30, 2026

By: */s/ Michael Shipley*

Michael Shipley (SBN 233674)
*michael.shipley@kirkland.com*
KIRKLAND & ELLIS LLP
2049 Century Park East
Los Angeles, CA 90067
Telephone: (310) 552-4200
Facsimile: (310) 552-5900

Attorney for Defendants NRX PHARMACEUTICALS, INC., HTX MANAGEMENT COMPANY, LLC, and HOPE THERAPEUTICS, INC.