UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

KADIMA NEUROPSYCHIATRY INSTITUTE, MEDICAL CORP., a California corporation; and M.D., PH.D. DAVID FEIFEL, an individual,

Plaintiffs,

v.

NRx PHARMACEUTICALS, INC., a Delaware corporation; HTX MANAGEMENT COMPANY, LLC, a Delaware limited liability company; HOPE THERAPEUTICS, INC.; a Delaware corporation; and DOES 1 through 10, inclusive,

Defendants.

Case No.: 3:26-cv-04359-WQH-JAC

**ORDER**

HAYES, Judge:

On May 15, 2026, Plaintiffs Kadima Neuropsychiatry Institute, Medical Corp. and David Feifel, M.D., Ph.D. initiated this action by filing a Complaint in the Superior Court of the State of California, County of San Diego, Case No. 26CU030547C. (Compl., ECF No. 1-4 at 1–14.)

On July 29, 2026, Defendants NRx Pharmaceuticals, Inc.; HTX Management Company, LLC; and Hope Therapeutics, Inc. (collectively, "Defendants") removed the

action to this Court. (ECF No. 1.) Defendants attach a redacted Complaint as Exhibit 1 to the Declaration of Michael Shipley. (ECF No. 1-4.)

On July 30, 2026, Defendants filed the pending Motion for Order to File Under Seal. (ECF No. 5.) Defendants contend that the Complaint was filed under seal in California state court and that maintaining the seal in this action is required "to prevent disclosure of confidential information," including the "confidential and proprietary financial and business terms" reflected in an Asset Purchase and Contribution Agreement attached to the Complaint. *Id.* at 2.

Courts begin with a "strong presumption in favor of access to court records" but may grant a motion to seal documents "given sufficiently compelling reasons." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

Upon review, the redacted portions of the Complaint pertain to communications regarding Defendants' alleged plans to acquire Kadima and the financial terms of that acquisition. The information falls within the definition of "trade secrets" such that the Court finds a compelling reason to seal the unredacted version of the Complaint at this stage in the proceedings. *See In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (stating, in an unpublished opinion, that "pricing terms, royalty rates, and guaranteed minimum payment terms" in a licensing agreement "plainly [fell] within the definition of 'trade secrets'"); *Pulse Elecs., Inc. v. U.D. Elec. Corp.*, 530 F. Supp. 3d 988, 1031 (S.D. Cal. 2021) (granting a motion to seal exhibits containing "customer information, financial information, or third-parties' sensitive information" that a competitor could use "to their

advantage in their own contract negotiations"), *aff'd,* No. 2021-1856, 2022 WL 1436146 (Fed. Cir. May 6, 2022).

IT IS HEREBY ORDERED that Defendants' Motion to File Documents Under Seal (ECF No. 5) is granted. This ruling is without prejudice to any interested party filing a motion to unseal accompanied by an appropriate showing.

Dated: August 11, 2026

William Q. Hayes

Hon. William Q. Hayes
United States District Court