UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

KADIMA NEUROPSYCHIATRY INSTITUTE, MEDICAL CORP., a California corporation; and M.D., PH.D. DAVID FEIFEL, an individual,

Plaintiffs,

v.

NRx PHARMACEUTICALS, INC., a Delaware corporation; HTX MANAGEMENT COMPANY, LLC, a Delaware limited liability company; HOPE THERAPEUTICS, INC.; a Delaware corporation; and DOES 1 through 10, inclusive,

Defendants.

Case No.: 3:26-cv-04359-WQH-JAC

**ORDER**

HAYES, Judge:

The matter before the Court is Defendants' Motion for Order to File Answer and Counterclaims Under Seal. (ECF No. 15.)

**I. BACKGROUND**

On May 15, 2026, Plaintiffs Kadima Neuropsychiatry Institute, Medical Corp. and David Feifel, M.D., Ph.D. initiated this action by filing a Complaint in the Superior Court

of the State of California, County of San Diego, Case No. 26CU030547C. (Compl., ECF No. 1-4.)

On July 29, 2026, Defendants NRx Pharmaceuticals, Inc.; HTX Management Company, LLC; and Hope Therapeutics, Inc. (collectively, "Defendants") removed the action to this Court. (ECF No. 1.) Defendants attach a redacted Complaint as Exhibit 1 to the Declaration of Michael Shipley. (ECF No. 1-4.)

On July 30, 2026, Defendants filed a Motion for Order to File Under Seal (ECF No. 5), which this Court granted on August 11, 2026. (ECF No. 10.)

On September 15, 2026, Defendants filed this pending Motion for Order to File Answer and Counterclaims Under Seal. (ECF No. 15.) Defendants contend that the same interests that warranted sealing the Complaint apply to sealing the Answer and Counterclaims, which references and incorporates the same information in the sealed Complaint, including the "confidential and proprietary financial and business terms" reflected in an Asset Purchase and Contribution Agreement (the "Agreement") attached to the Complaint. *Id.* at 3. Defendants filed a redacted version of the Answer and Counterclaims at ECF No. 14.

## II. LEGAL STANDARD

Courts begin with a "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Accordingly, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption by meeting a "compelling reasons" standard. *Id.* (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). The court must then "conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). Examples of compelling reasons "sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release

trade secrets." *Kamakana*, 447 F.3d at 1179 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

An exception to the compelling reasons presumption exists for sealed materials attached to a non-dispositive discovery motion unrelated to the merits of a case. *Ctr. for Auto Safety*, 809 F.3d at 1097. Under this exception, a party need only satisfy the less exacting "good cause" standard, which originates from Rule 26(c)(1) under the Federal Rules of Civil Procedure. *Id*. If a court finds particularized harm will result to the requesting party from the disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary. *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

Here, Defendant seeks to seal its Answer and Counterclaims. (ECF No. 15.) The Answer and Counterclaims are more similar to a dispositive motion subject to the "compelling reasons" standard than to non-dispositive discovery-related motions that receive the "good cause" standard. *See Ctr. for Auto Safety*, 809 F.3d at 1098 (explaining that discovery-related motions are often unrelated to the merits of a case, whereas materials attached to a summary judgment motion are subject to the compelling reason standard because a motion for summary judgment adjudicates substantive rights); *see also Oliner v. Kontrabecki*, 745 F.3d at 1026 (noting it is "disingenuous to characterize" a motion to seal the court record itself as a "non-dispositive order.") The rationale underlying the "good cause" standard for non-dispositive orders, mainly that the documents are often "unrelated, or only tangentially related, to the underlying cause of action," does not apply here to an Answer and Counterclaims which provide the "basis for the adjudication." *Oliner v. Kontrabecki*, 745 F.3d 1024, 1026 (9th Cir. 2014) (quoting *Joy v. North*, 692 F.2d 880, 894 (2d Cir. 1982) ("since it is the basis for the adjudication, only the most compelling reasons can justify the total foreclosure of public and professional scrutiny.")) As such, Defendants' Motion to File Under Seal is subject to the compelling reasons standard.

## III. DISCUSSION

Defendants argue that the Answer reveals "confidential business information" that constitutes trade secrets protected under the compelling reasons standard. (ECF No. 15-1 at 5.) Here, the Answer does not pertain entirely to communications regarding Defendants' alleged plans to acquire Kadima and the financial terms of that acquisition enough to warrant sealing an unredacted version of the Answer. *See Upper Deck Co. v. Pixels.com, LLC*, 2026 WL 534414, at *8 (S.D. Cal. Feb. 26, 2026) (determining discussions regarding license contract negotiations are not sealable as trade secrets).

Defendants submit proposed redactions to the Answer and Counterclaims. (ECF Nos. 14, 15-2 at 4–5.) *Foltz* 331 F.3d at 1137; *see also Upper Deck* 2026 WL 534414, at *8 ("documents containing private information should be filed in redacted form rather than sealed in their entirety"). Upon review, the proposed redacted portions of the Answer (ECF No. 15-2 at 4–5) do not contain confidential and proprietary financial and business terms of the Agreement that would constitute sealable "trade secrets." *Cf. In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (stating that "pricing terms, royalty rates, and guaranteed minimum payment terms" in a licensing agreement "plainly [fell] within the definition of 'trade secrets'"); *Pulse Elecs., Inc. v. U.D. Elec. Corp.*, 530 F. Supp. 3d 988, 1031 (S.D. Cal. 2021) (granting a motion to seal exhibits containing "customer information, financial information, or 'third-parties' sensitive business information" that a competitor could use "to their advantage in their own contract negotiations"), *aff'd,* No. 2021-1856, 2022 WL 1436146 (Fed. Cir. May 6, 2022).

However, the proposed redacted portions of the Counterclaims (ECF No. 15-2 at 5–6) do constitute "trade secrets" such that the Court finds a compelling reason to seal the unredacted version of the Counterclaims at this stage in the proceedings. *Id.*

## IV. CONCLUSION

IT IS HEREBY ORDERED that Defendants' Motion for Order to File Answer and Counterclaims Under Seal (ECF No. 15) is granted in part and denied in part. Defendants' proposed redactions to their Counterclaims are sealable under the compelling reasons

standard, and the unredacted version will be sealed. However, Defendants have failed to show that their proposed redactions to their Answer are sealable under the compelling reasons standard, and the unredacted version will not be sealed.

IT IS FURTHER ORDERD that no later than ten (10) days from the date this Order is filed, Defendants shall re-file their Answer without redactions and their Counterclaims with the same redactions as appear in ECF No. 14. The Clerk of the Court shall maintain the unredacted version of the Counterclaims (ECF No. 16) under seal.

Dated: 11/6/2026

William Q. Hayes

Hon. William Q. Hayes
United States District Court